**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KEITH R. SALEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:11-0824** |
| | ) | **JUDGE NIXON/KNOWLES** |
| | ) | **JURY DEMAND** |
| | ) | |
| **CANEY FORK, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's "Motion to Reopen Case." Docket No.

44. The Motion is not accompanied by a Memorandum of Law as required by Local Rule

7.01(a). Defendant has filed a Response in Opposition to the Motion. Docket No. 48.

The Motion essentially states that the parties reached a Settlement Agreement on October

9, 2012, at a judicially conducted settlement conference before Magistrate Judge Joe Brown.

The parties executed a Confidential Settlement Agreement, which required Defendant and a

person not a party to this action to pay certain settlement proceeds to Plaintiff in installments.

Shortly thereafter, the parties submitted a proposed "Agreed Order of Dismissal," the

body of which states in full as follows:

> It appears to the Court, as evidenced by the signatures of counsel
> below, that all matters in dispute between the parties have been
> resolved and that Plaintiff's complaint should be dismissed.
> Accordingly, this case is dismissed with prejudice.

Docket No. 41.

Judge Nixon, however, did not enter the proposed Order of Dismissal that had been submitted by the parties. Instead, he entered his own Order, the body of which states as follows:

> Before the Court is an Agreed Order of Dismissal ("Proposed Order"), requesting the Court dismiss this action. (Doc. No. 41). According to the Proposed Order, the parties have reached a settlement resolving all the matters in dispute, such that Plaintiff Keith Saley's Complaint should be dismissed. (*Id.*)
>
> Accordingly, the case is **DISMISSED WITH PREJUDICE.** The Court **DIRECTS** the Clerk to close the case.
>
> It is so ORDERED.

Docket No. 42.

Plaintiff has also submitted under seal a copy of the Settlement Agreement. Docket No. 50. The Court notes that the Settlement Agreement was submitted after and in connection with Plaintiff's "Motion to Reopen Case." It was not submitted with the proposed Order of Dismissal. That Settlement Agreement provides in relevant part as follows:

> 7. GOVERNING LAW & CHOICE OF FORUM
>
> The Parties agree that the laws of the United States and/or the State of Tennessee shall govern the validity and interpretation of this Settlement Agreement. The Parties further agree that jurisdiction and/or venue of any action involving the validity, interpretation or enforcement of this Settlement Agreement or any of its terms, provisions or obligations or claiming breach thereof, shall exist exclusively in the United States District Court for the Middle District of Tennessee at Nashville and/or the Chancery or Circuit Court of Davidson County, Tennessee, if necessary. The Parties hereby submit to the jurisdiction and venue of such Court and waive any right to challenge or otherwise object to personal jurisdiction or venue in any action commenced or maintained in such courts.
>
> 8. ENFORCEMENT EXPENSES
>
> In the event of any claims, dispute, material breach, or litigation

> arising from this Settlement Agreement, the prevailing party shall
> be entitled to recover any and all reasonable attorneys' fees, court
> costs, and/or other expenses incurred in connection with such
> claims, dispute, material breach, or litigation.

Docket No. 50, p. 3.

Plaintiff avers that Defendant and the other party have breached the Settlement Agreement, and Plaintiff seeks to "reopen" the instant action to enforce the Settlement Agreement and to enter a judgment against Defendant and the other signatory to the Settlement Agreement.[1]

Plaintiff essentially argues that, because Defendant has breached the Settlement Agreement, he is entitled to "reopen" the case and enforce the Settlement Agreement. As Defendant contends in its Response, however, "the above-captioned case is closed and cannot be 'reopened.'" Docket No. 48, p. 1. Defendant points out that the Order and judgment dismissed this action with prejudice on October 26, 2012. Thus, Defendant argues, there should be no further proceedings in this Court.

The Order of Dismissal in this action is unequivocal. Docket No. 42. While this Court has at times entered so-called "New Orleans" orders in which the dismissal order reserved the right to the parties to reopen the case for good cause shown within a certain period of time, the Order at issue in the case at bar is not conditional in any way. Neither the Settlement Agreement nor the Order of Dismissal provides for the "reopening" of this action based upon a claim that one of the parties has breached the Settlement Agreement. Plaintiff provides no authority for the proposition that the Court can "reopen" a case that was dismissed with prejudice more than five

---

[1] It is unclear how the Court could enter a judgment against an individual who is not and has never been a party to this action.

3

months ago.

The U. S. Supreme Court discussed a similar situation in *Kokkonen v. Guardian Life Insurance Co. Of America*, 511 U.S. 375. In *Kokkonen*, the parties had reached a settlement of their lawsuit, and they submitted a proposed Stipulation and Order of Dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii) to the Court. The Court signed the Stipulation and Order. Thereafter, Plaintiff allegedly breached a written settlement agreement the parties had executed, and Defendant filed a Motion in the District Court to enforce the Agreement. The Supreme Court held that the District Court lacked jurisdiction to enforce the Settlement Agreement. The Court stated in relevant part as follows:

> The Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement.
> . . .
>
> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what [defendant] seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. . . . Enforcement of the settlement agreement, however, whether through award of damages of decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.
> . . .
>
> The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the

parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instant save upon order of the court and upon such terms and conditions that the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

511 U.S. at 377-79, 381-82 (italics in original).

In the case at bar, as in *Kokkonen*, the Court's Order of Dismissal did not reserve jurisdiction in this Court to enforce the Settlement Agreement, and it did not so much as refer to the Settlement Agreement. As discussed above, the Settlement Agreement itself appears to include a provision that the parties agree that "jurisdiction . . . shall exist" in this Court. Docket No. 50, p. 3. It is unclear, however, whether that reference is to subject matter jurisdiction or personal jurisdiction. It does not appear that, when Judge Nixon entered his Order of Dismissal, he was aware of the provisions of the Settlement Agreement and, consequently, he could not have approved them. Additionally, Plaintiff in the case at bar seeks the enforcement of the Settlement Agreement, not merely a reopening of the underlying lawsuit that has been dismissed. Enforcement of the Settlement Agreement is more than just a continuation or renewal of the dismissed lawsuit, and requires its own basis for jurisdiction.

While the Settlement Agreement would appear to be binding upon those who executed it,

it cannot be enforced in a "reopened" action in this Court.  If Plaintiff wishes to enforce the Settlement Agreement, he must file an appropriate lawsuit, either in this Court or in the Chancery or Circuit Court for Davidson County.  In this regard, however, the Court notes that it does not appear that this Court would have subject matter jurisdiction of such an action (or even a "reopened" action) based upon the amounts in the Settlement Agreement that would be at issue.

For the foregoing reasons, the instant "Motion to Reopen Case" (Docket No. 44) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


_____
E. Clifton Knowles
United States Magistrate Judge